## LEONARD COBB vs. JOSEPHUS STEVENS.

Where labor has been performed under a special contract, but which is so uncertain, and unintelligible, that it cannot be understood, the law will imply a promise to pay the fair value of the service.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

This case was referred to *D. Williams*, Esq. to be decided upon legal principles. The referee heard the parties, and made a report of the evidence; and thereupon awarded, that the plaintiff should recover $32,86, with costs, if his opinion, that the plaintiff was entitled to recover, was legal; but if, in the opinion of the Court, the plaintiff was not entitled to recover, the defendant should be allowed his costs. The only testimony in relation to the agreement, was from one *Wilbur*, who stated, "that the plaintiff agreed to work for the defendant ten months, at $10 per month, commencing *Jan.* 5, 1835, reserving, however, the right to leave for a particular reason, which was not stated, and that if he left before the expiration of the time agreed for, he would leave it to some third person to say how much he should receive for the time he should work: and further, that if the plaintiff left the defendant's employment, and worked for any other person in shoemaking for the reason reserved to himself, he should forfeit his wages for the time he should work for the defendant." Under this agreement, the plaintiff labored for the defendant from *Jan.* 5 to *June* 11, 1835, when he left the defendant, and worked for others in the neighborhood at the business of making shoes. Shortly before leaving, they had difficulty, and the defendant said, that if he hated every body as bad as he did *Cobb*, he should not want to live long. Before the action was commenced, the plaintiff proposed a reference, and the defendant declined, saying nothing was due. The defendant objected to the acceptance of the report, because a special contract was proved, and had not been waived or rescinded by the parties, and also because upon the facts the plaintiff was not entitled to recover. *Whitman C. J.* ruled, that it was impossible to understand the contract, as testified to by *Wilbur*; and it being vague, uncertain, and unintelligible, the plaintiff was entitled to recover a

*quantum meruit* for his services, in the same manner as if no such contract had been made, and accepted the report.    The defendant excepted.

The case was argued in writing.

*May,* for the defendant, contended, that the facts reported by the referee, show, that the labor sued for was performed under a special contract, which has not been performed by the plaintiff, or waived, or rescinded by the defendant.

The parties must have intended something by their agreement, and it should be so construed, as to carry their intentions into effect, if it can be discovered.    3 *Randolph,* 487 ;   *Chitty on Con.* 3d ed. 22 ;   *Chitty on Bills,* 190 ;   2 *Kent's Com.* 557.    The true construction is, that such a reason must occur, under the reservation as would prevent the plaintiff from working at shoemaking for any one.    But if not, and the reservation is void for uncertainty, it leaves the contract, as if no reservation had been made.    8 *Pick.* 284 ;  3 *Pick.* 272 ;  4 *Pick.* 54 ;  1 *Saund.* 65 *and notes.*    If he should leave before the time expired, he was to forfeit his wages. This is binding upon him.    7 *Mass. R.* 107 ;  1 *Greenl.* 125 ;  3 *Greenl.* 97 ;  17 *Mass. R.* 188 ;  7 *Pick.* 155 ;  8 *Pick.* 537 ;  *ib.* 284 ;  6 *Pick.* 206.    Nor is it against the policy of the law prohibiting restraint in trade.    4 *Burr.* 2225 ;  6 *Pick.* 206 ;  8 *Mass. R.* 223 ;  3 *Pick.* 188 ;  4 *Greenl.* 102.    The rule of law is, that the party must go on his special contract, while it remains in force, and stand or fall by that.    Where there is an express contract, the law will not imply one.    2 *Pick.* 267 ;   3 *Taunt.* 52 ;   4 *Greenl.* 454 ;  7 *Mass. R.* 107 ;  1 *Fairf.* 30 ;  14 *Mass. R.* 266.

*Wells,* for the plaintiff, said, that the question was, whether on the facts appearing in the case, the report of the referee ought to be accepted.    He examined the contract, and said, that to give a man a right to leave for a reason known only to himself, is equivalent to saying, that he may leave whenever he pleases.    But if the defendant's construction is right, and the plaintiff left the service of the defendant without leave, he may recover what his services are worth to the plaintiff.    *Hayden* v. *Madison,* 7 *Greenl.* 77 ;  *Abbott* v. *Hermon, ib.* 118 ;  *Jewett* v. *Weston,* 2 *Fairf.* 346 ;  *Hayward* v. *Leonard,* 7 *Pick.* 181 ;  *Smith* v. 1*st Con. M. in Lowell,* 8

*Pick.* 178; *Linningdale* v. *Livingston,* 10 *Johns. R.* 36. That part of the contract, that the plaintiff should work for no other person at shoemaking, is void for restraint of trade. *Pierce* v. *Woodward,* 6 *Pick.* 206; *Palmer* v. *Stebbins,* 3 *Pick.* 188; *Perkins* v. *Lyman,* 9 *Mass. R.* 522; *Pierce* v. *Fuller,* 8 *Mass. R.* 223; 2 *Com. on Con.* 468; *Merrill* v. *Merrill,* 15 *Mass. R.* 488; *Stearns* v. *Barrett,* 1 *Pick.* 451.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — The plaintiff is entitled to recover, as upon a *quantum meruit,* unless there was a special agreement, which precludes his claim. Upon this point, we are of opinion with the Judge below, that the evidence of such an agreement is too vague, to justify the rejection of the award upon this ground. The plaintiff was to forfeit his wages, if he left the defendant's employment, and worked for other persons in the neighborhood at shoemaking, within the time limited, in virtue of his reserved right to do so, for a reason not communicated to the witness, and of which we have no evidence. He might have left for other reasons.

There is evidence, that the defendant had conceived a violent hatred against the plaintiff. If this was before he left, it must have rendered his further continuance in the defendant's service very uncomfortable. How far the judgment of the referee was influenced by this consideration, does not appear. If he had any justifiable cause for leaving, he was entitled to a fair, if not a full compensation for what he had done.

*Exceptions overruled.*